I fully concur in the majority's analysis and disposition of appellant's first assignment of error. I only note the stipulation presented at the suppression hearing fails to establish the partial dental plate was replaced in appellant's mouth within the twenty minutes immediately prior to the test.[1] This fact further distinguishes the case sub judice from our previous decision in Karns.
Turning to appellant's second assignment of error, I join the majority's decision to overrule it. The testimony appellant sought to introduce in this assignment of error goes to whether or not the test was performed in compliance with the rules and regulations of the Department of Health. Although such issue was a proper subject for inquiry at the suppression hearing, it was not offered at that time. Appellant's attempt to challenge admissibility at trial was untimely. Having failed to present this portion of Dr. Sutheimer's testimony at the suppression hearing, such testimony was irrelevant during trial. The trial court correctly excluded the testimony appellant relates in his second assignment of error.
As to appellant's third assignment of error, I join in the majority's decision to overrule it. However, I wish to clarify my reasons for so doing.
As it pertains to the proffered testimony of Dr. Sutheimer concerning the possible effect on the test result due to the presence of dentures or dental plates (Sutheimer Affidavit/Defendant's Exhibit A, para. no. 6). I find it is essentially cumulative to that which Dr. Sutheimer presented during trial.[2] Assuming, arguendo, the trial court erred in excluding it, such error would clearly be harmless.
Finally, appellant claims error in the exclusion of Dr. Sutheimer's proffered testimony that law enforcement officers are trained to remove dentures or dental plates prior to testing (Sutheimer Affidavit/Defendant's Exhibit A, para. no. 5). Such proffered testimony goes to the weight to be given the test, not its admissibility. Unlike the general attack on reliability prohibited by Vega, I believe this portion of appellant's attack on the breath testing machine's reliability is specific and unique in nature, given the fact appellant herein used a partial dental plate. Accordingly, unlike the majority, I find such evidence should have been admitted underVega. Nevertheless, I am not willing to conclude its exclusion was prejudicial given the testimony of Dr. Sutheimer, which was admitted. Nor can I conclude its exclusion was an abuse of discretion given the lack of clarity as to what constitutes a general verses specific attack on the reliability of the breath testing instrument.
 ------------------------------ JUDGE WILLIAM B. HOFFMAN
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Municipal Court of Licking County, Ohio is affirmed.
---------------------------
---------------------------
 --------------------------- JUDGES
[1] I believe this stipulation creates the opposite inference; i.e., the partial dental plate was replaced in appellant's mouth more than twenty minutes prior to the test.
[2] This testimony is related in the Majority Opinion at 7-9.